# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLIFFORD ADELE,

                Plaintiff,          Case No. 2:12-cv-00597-LDG-PAL

vs.                                    **ORDER**

LYLE JACOB DUNN, JR., et al.,        (Motion to Compel Discovery - Dkt. #22)

                Defendants.

       Before the court is Defendants' Motion to Compel Plaintiff to Provide Complete Answers to Interrogatories and Responses to Requests for Production (Dkt. #22). The court has considered the Motion, Plaintiff's Opposition (Dkt. #26), and Defendants' Reply (Dkt. #28).

       Defendants seek an order compelling the Plaintiff to answer Interrogatory Nos. 8 and 10, and Request for Production Nos. 6 through 10, and 14. Plaintiff responded to the discovery requests, but objected to answer Interrogatory Nos. 8 and 10 or produce documents responsive to the requests for production claiming the information requested was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants claim the parties exchanged letters and had a telephonic conference to meet and confer in an effort to resolve this matter without the court's intervention, but were unable to do so.

       Interrogatory No. 8 requests the identification of Plaintiff's health care providers for ten years prior to the accident involved in this case. Interrogatory No. 10 requests the identification of all insurance companies that have provided medical coverage to Plaintiff for ten years. The Requests for Production request medical records for treatment of injuries sustained in the accident; employment records reflecting any lost income or earning capacity as a result of the accident; medical records for

treatment received in the last ten years; employment records ten years before the accident; and all reports of other accidents with which the Plaintiff was involved in the ten year period prior to the accident.

Plaintiff opposes the motion on various grounds.  First, Plaintiff claims that Defendants did not meet their obligations to meet and confer in a good-faith effort to resolve these disputes without the court's intervention.  Counsel for Plaintiff acknowledges that the parties engaged in some discussion about some of these discovery disputes, but not all of them.  Plaintiff also argues that the motion to compel is conclusory in arguing only that Plaintiff did not provide sufficient responses without any analysis.  Counsel for Plaintiff claims that the only discussions the parties had in the September 17, 2012 discovery dispute resolution telephone conference was with respect to Interrogatories No. 8 and 11, and Request No. 9.  According to counsel for Plaintiff, counsel for Defendants agreed to follow up with counsel for Plaintiff concerning the responses before filing a motion to compel, but failed to do so.  Plaintiff also argues the motion should be denied because Plaintiff provided responsive answers to the Defendants' discovery requests.

Defendants' reply withdraws their motion to compel with respect to Request for Production Nos. 6, 7, 9 and 10.  However, Defendants reiterate that the court should compel the Plaintiff to respond to Interrogatory No. 8 which requests the name and address of each medical practitioner from whom Plaintiff received treatment during the ten years prior to the accident.  Defendants argue they are entitled to the identities of the Plaintiff's medical providers for the past ten years.

Plaintiff's opposition states that he has not been injured in the ten years prior to the accident, and that he has received no treatment to any parts of his body involved in this accident.  However, Defendants argue, this should not preclude the Defendants from obtaining discovery to verify Plaintiff's statement.  Interrogatory No. 10 is relevant and discoverable because insurance records may contain information regarding the nature and severity of Plaintiff's alleged injuries and information regarding his condition, injuries and treatments related to the January 14, 2011, accident.  With respect to Plaintiff's response to Request for Production No. 14,  that records of other accidents do not exist, Defendants claim this is untrue.  Defendants have information that in 2003, Plaintiff was involved in a motor vehicle accident in which he states he was not injured.  Plaintiff has refused to provide the police

1  report or any other information regarding this accident which is relevant to confirm or refute Plaintiff's
2  allegation he was not injured.
3        Finally, Defendants argue that its June 25, 2012, correspondence to opposing counsel in
4  combination with the September 17, 2012, telephone conference satisfies their meet and confer
5  obligations.  Counsel for Defendants claims that at the September 17, 2012, telephonic conference, each
6  of the objections to the discovery responses in dispute here were discussed.  During the conference,
7  counsel for Plaintiff agreed to provide Plaintiff's W-2s the following day and employment records
8  within one week.  He also agreed to provide information regarding the 2003 motor vehicle accident
9  sufficient to allow Defendants to verify his alleged lack of injuries and records from the Michael
10 O'Callihan VA Hospital counsel believes were relevant with privilege indexes identifying the records
11 withheld.  This motion to compel was filed October 5, 2012, when Plaintiff failed to meet the deadlines
12 counsel for Plaintiff established.  On October 9, 2012, Plaintiff provided his W-2s for the time period
13 2005 through the present, and on October 17, 2012, Plaintiff provided his employment file.  However,
14 to date, Plaintiff has not yet provided any medical records or privilege log for medical records withheld
15 from the Southern Nevada VA or Michael O'Callihan Federal Hospital or any information or
16 documents regarding the 2003 motor vehicle accident.
17       Plaintiff's objections to responding to Interrogatory No. 8 are overruled.  Plaintiff's response to
18 the motion to compel indicates that he identified all of the health care providers with whom he treated
19 for injuries related to this accident.  He also represents that he had a single visit to the Michael
20 O'Callihan Federal Hospital to get checked out after his fall in 2011, and that these are the only medical
21 providers who treated the Plaintiff for "the parts of the body that were injured in the subject accident
22 within the last ten years."  In this case, Plaintiff claims he suffered a significant spine injury and
23 incurred medical bills in excess of $54,000.00 related to this accident.  Defendant is entitled to
24 reasonable discovery to determine whether Plaintiff suffered from any pre-existing condition
25 contributing to the injuries at issue in this case.  Plaintiff's response to the interrogatory is a medical
26 conclusion that Defendants are entitled to test through discovery. The court will therefore compel
27 Plaintiff to answer Interrogatory No. 8.
28 ///

The court denies Defendants' Motion to Compel the Plaintiff to provide the name and address of all insurance companies that provided Plaintiff with medical insurance for the past ten years. As Plaintiff has been compelled to identify his medical care providers for ten years prior to the accident and has already disclosed those who treated him for this accident, the court finds the requested discovery is unreasonably cumulative or duplicative and can be obtained from other sources that are more convenient, less burdensome, and less expensive. *See* Federal Rule of Civil Procedure 26(b)(2)(C). The court also finds that the Defendants have had ample opportunity to obtain the information about Plaintiff's injuries and treatment and any potential pre-existing conditions by discovery in this action, and that the burden of expense of the proposed discovery outweighs its likely benefit. *Id*. Finally, the court will compel the Plaintiff to produce the police report or other documents sufficient to identify the date, location and parties involved in his 2003 accident if he has not already done so.

**IT IS ORDERED** that:

1. Defendants' Motion to Compel (Dkt. #22) is **GRANTED in part** and **DENIED in part** as indicated in the body of this order.
2. Plaintiff shall have until **November 19, 2012**, in which to serve Defendants with Answer to Interrogatory No. 8, and respond to Request for Production No. 14 as ordered.

Dated this 5th day of November, 2012.

_____
Peggy A. Leen
United States Magistrate Judge