UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CLIFFORD ADELE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00597-LDG-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LYLE JACOB DUNN, JR., et al., | ) | (Emg. Mot Compel Eval - Dkt. #31) |
| | ) | |
| Defendants. | ) | |

Before the court is Defendants' Emergency Motion to Compel Plaintiff to Attend FRCP 35 Evaluation with James Olson, M.D. (Dkt. #31) filed November 7, 2012. The court has considered the Motion, Plaintiff's Opposition (Dkt. #32), and Defendants' Reply (Dkt. #33).

## BACKGROUND

In a prior Order (Dkt. #27) the court reluctantly granted the Defendants a 91-day extension of the discovery plan and scheduling order deadlines. The court was not satisfied that defense counsel had been sufficiently diligent in attempting to meet the deadlines, and the motion was filed just prior to the deadline for disclosing experts. However, the court extended the discovery cutoff until February 11, 2013, and the deadline for disclosing experts until December 13, 2012. On November 5, 2012, the court entered an Order (Dkt. #30) deciding Defendants' Motion to Compel Plaintiff to Provide Complete Answers to Interrogatories and Responses to Requests for Production (Dkt. #22). The motion was granted in part and denied in part, and Plaintiff was given until November 19, 2012, in which to serve Defendants with an Answer to Interrogatory No. 8, and respond to Request for Production No. 14. Defendants have also filed an additional Motion to Compel (Dkt. ##29) to compel non-party Southern Nevada VA Healthcare System to produce subpoenaed medical records.

In the current motion, Defendants seek an order, on an emergency basis, requiring the Plaintiff to appear for a medical examination by Dr. Olson on November 26, 2012. Defendants indicate that Dr. Olson was retained October 25, 2012, to perform a Rule 35 evaluation. Defense counsel sent counsel for Plaintiff a letter the same date indicating that Dr. Olson had been retained to perform the evaluation. The letter is attached as Exhibit "B" to the motion and indicated that "the scope of the evaluation will be the spinal injuries that Mr. Adele is alleging as injuries as the result of the accident with Mr. Dunn." It also informed counsel for Plaintiff that Dr. Olson would not be taking or directing any x-rays or MRIs and that a "standard orthopaedic clinical evaluation will be performed." The letter indicated that counsel would forward "intake paperwork" the following week and that neither counsel would be permitted to attend. The letter closed by asking counsel for Plaintiff to verify if there were any special conditions that he was requesting in order to resolve these matters quickly.

On October 29, 2012, counsel for Defendants sent counsel for Plaintiff a notice of the evaluation scheduling it for November 26, 2012. The notice indicated that Dr. Olson would conduct an independent medical examination "at a location to be determined," and that the scope of his examination "will be focused on Mr. Adele's alleged spinal and soft tissue injuries."

Plaintiff responded in a letter dated November 6, 2012, objecting to the evaluation because defense counsel had not met its burden of showing the need for an examination, and because defense counsel had not described the time, place, manner, conditions and scope of the evaluation. Defense counsel scheduled a meet-and-confer conference the following day on November 7, 2012, at 11:30 a.m. The parties dispute whether counsel for Plaintiff agreed to the conference. Defense counsel indicates that a representative of counsel for Plaintiff's office indicated the time was available and acceptable. Plaintiff's counsel claims that he received unilateral notice of the 11:30 a.m. conference nine minutes before it was to occur and that he was unavailable. In any event, the conference did not occur. When counsel for Defendants did not receive a response to his request to meet and confer by 4:00 p.m the following day, he filed this emergency motion.

Plaintiff opposes the emergency motion arguing Defendants have not met their burden under Rule 35 to show good cause for the examination. Plaintiff points out that a physical examination under Rule 35 is permissive and not mandatory. The motion to compel provides no specific explanation of

good cause for the examination, and does not comply with the directive of Rule 35 to specify the time, place, manner, conditions and scope of the examination. Plaintiff claims he voluntarily provided specific medical releases for each of the medical providers listed in his Rule 26 disclosures to allow the Defendants to obtain the medical records needed. Plaintiff also claims that the only discovery that has been conducted by the Defendants consists of one set of written discovery, which was timely answered by the Plaintiff. Defendants did not attempt to obtain counsel's stipulation to conduct a physical examination under Rule 35 and unilaterally served a notice of independent medical examination without obtaining a stipulation or an order from the court. Counsel for Defendants then filed a motion to compel the day after counsel for Plaintiff objected to the notice without conducting a meet-and-confer conference which was scheduled on unreasonably short notice.

Defendants reply that a Rule 35 evaluation is appropriate because Plaintiff has placed his physical condition in controversy in this case and therefore good cause exists for a Rule 35 evaluation of the soft tissue and spinal injury he alleges as a result of the accident involved in this case. Defendants assert that the Plaintiff's complaint allegations establish that the Plaintiff has put his physical condition at issue and shows good cause for a Rule 35 evaluation. Defense counsel disputes that Plaintiff has provided all of his medical records. Defendants have filed a motion to compel the VA, and Nellis Air Force Base to produce medical records that have not yet been provided. The original notice of the evaluation stated the date and time of the evaluation and identified Dr. Olson as the physician to perform it. On November 7, 2012, the Defendants amended to the notice to provide the exact location and provided Plaintiff with the intake paperwork. The court should not require a "detailed explanation" of the type of orthopaedic/spinal clinical evaluations required because "some flexibility should be allowed" depending, in part, on how the Plaintiff presents at the time of evaluation. Defendants request an order compelling a Rule 35 evaluation as scheduled on November 26, 2012, and an award of reasonable sanctions against Plaintiff's counsel for the necessity of filing this motion.

## **DISCUSSION**

Rule 35 of the Federal Rules of Civil Procedure authorizes a court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licenced or certified examiner. Rule 35(a)(1). The order may be made only on a motion for good cause

and on notice to all parties and the person to be examined. Rule 35(a)(2)(A). Additionally, it "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Rule 35(a)(2)(B). The rule is permissive and not mandatory. ("The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.") Rule 35(a)(1). The decision whether to order a Rule 35 examination rests in the sound discretion of the trial court. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). The decision whether to order a Rule 35 examination is discretionary even when the "good cause" and "in controversy" requirements are met. *Id*.

Here, counsel for Defendants unilaterally noticed a Rule 35 examination without requesting a stipulation of opposing counsel or an order of the court. The notice, which is attached as Exhibit "C" to the motion, listed the date and time of an independent medical examination to be conducted by James Olson, M.D, a board certified orthopedic surgeon. It indicated that the examination would take place at a location to be determined and described the scope of the examination as "focused on Mr. Adele's alleged spinal and soft tissue injuries." Counsel for Plaintiff responded to the notice on November 6, 2012, objecting on various grounds, but offering to "discuss the proposed parameters of an examination, in the event that good cause exists for such an examination." *See* November 6, 2012, letter attached as Exhibit "D". This motion was filed the following day when counsel for Plaintiff did not respond to a request to meet and confer by 4:00 p.m. It was filed on an emergency basis because of the December 13, 2012, expert disclosure deadline, and because Dr. Olson planned to travel from Reno and Defendant might incur payment penalties for late cancellation.

. The legal argument supporting the motion states that the need for an independent medical examination is apparent because Mr. Adele had a cervical surgery which he relates to the motor vehicle accident involved in this case. The Plaintiff has named his surgeon as an expert and the reason for the evaluation is for Defendant to determine what injuries, if any, were caused by the accident and what treatment was reasonable and necessary. The motion also claims, without any support, that the manner, conditions and scope "are fully covered in the notice and October 25, 2012, correspondence." The reply asserts new legal and factual arguments not raised in the original motion.

It is undisputed that Plaintiff has put his physical condition at issue in this case. He seeks to recover for personal injuries sustained in a January 14, 2011, motor vehicle accident. However, counsel for Defendants did not attempt to obtain a stipulation before filing this emergency motion to compel a Rule 35 examination with Dr. Olson. The court finds that neither the notice nor the motion to compel an emergency evaluation complies with the requirement of Rule 35 to specify the conditions and scope of the examination. Indeed, the emergency motion states only that the "conditions and scope are fully covered in the notice and October 25, 2012, correspondence." The court disagrees. The reply states that scope of the examination will depend on how Plaintiff presents on the date of the examination. In essence, Defendants are asking the court for an order requiring Plaintiff to submit to whatever examination Dr. Olson deems appropriate when he sees and hears from the Plaintiff. This the court will not do. Accordingly,

**IT IS ORDERED** Defendants' Emergency Motion to Compel Plaintiff to Attend FRCP 35 Evaluation with James Olson, M.D. (Dkt. #31) is **DENIED**.

Dated this 26th day of November, 2012.

_____
Peggy A. Leen
United States Magistrate Judge