# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CLIFFORD ADELE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00597-LDG-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LYLE JACOB DUNN, JR., et al., | ) | (Emg. Mot for Court Ord - Dkt. #29) |
| | ) | |
| Defendants. | ) | |

Before the court is Defendants' Emergency Motion for Court Order Compelling the Southern Nevada VA Healthcare System to Produce Plaintiff's Complete Medical File (Dkt. #29). The court has considered the Motion and Plaintiff's Opposition (Dkt. #34).

The motion seeks an order compelling a non-party, the Southern Nevada VA Healthcare System, to provide Plaintiff's complete medical file. Counsel for the VA sent a letter to counsel for Defendants on October 19, 2012, denying the Freedom of Information Act ("FOIA") request for a copy of the Plaintiff's medical records. The letter advised counsel for Defendants that, pursuant to VA regulations, a subpoena was not sufficient to authorize disclosure of an individual's health information unless a subpoena is signed by a judge or accompanied by a written authorization of the individual whose records are the subject of the subpoena. The motion asserts that Plaintiff refused to provide a medical consent and that there is no mechanism to obtain a judge-signed subpoena.

Plaintiff opposes the motion arguing the court should exercise its authority under Rule 26(b)(2)(C) to limit discovery of his entire VA medical file because of his privacy interest in his healthcare information. Plaintiff maintains that he has only waived the patient-physician privilege in this case to the extent of medical records reasonably related to the injuries involved in this lawsuit.

Defendants' request for the complete medical file is overly broad in seeking all of Plaintiff's VA records for all types of medical care both related and unrelated to the injuries involved in this case. Plaintiff represents that the Southern Nevada VA Healthcare System does not provide orthopaedic care and that Plaintiff has identified all of the physicians who treated in him for the injuries he suffered in the accident involved in this case. Plaintiff has also assisted the Defendants in obtaining the medical records for these providers. Plaintiff contends that under these circumstances, Defendants have had a full and fair opportunity to conduct discovery regarding Plaintiff's injury claims, and the court should deny the Defendants' motion to compel Plaintiff's complete medical file from the Southern Nevada VA Clinic. If the court is not inclined to deny the motion, Plaintiff requests that the court permit Plaintiff's counsel to obtain the records and disclose only what is pertinent or that the court review Plaintiff's records in camera.

The subpoena duces tecum served on the custodian of records for the Southern Nevada VA Healthcare System asks for the complete medical file regarding any and all treatment and care rendered to the Plaintiff including, but not limited to, patient intake sheets, questionnaires, records, films, billings, etc. The court finds the subpoena is patently overbroad in that it contains no temporal or scope limitations. The court will, however, grant Defendants leave to apply for a more narrowly tailored judicially entered subpoena. The court will also direct counsel for the parties to forthwith meet and confer to develop a mutually acceptable narrowed subpoena or HIPAA compliant medical authorization release for medical records relevant to Plaintiff's injury claims, including any preexisting conditions that may be relevant to Plaintiff's injury claims in this case. The court will set a dispute resolution hearing in the event the parties are unable to agree on a mutually agreeable form of release or subpoena. Counsel for both sides are warned that the court will consider sanctions for an unreasonable failure to reach an agreement on such a routine matter. Accordingly,

**IT IS ORDERED**;

1. Defendants' Emergency Motion for Court Order Compelling the Southern Nevada VA Healthcare System to Produce Plaintiff's Complete Medical File (Dkt. #29) is **DENIED**.
2. A status and dispute resolution conference is set for December 4, 2012, at 9:00 a.m. in courtroom 3B.

3. Counsel for the parties shall submit a joint status report no later than 12:00 p.m., December 3, 2012, advising the court of whether they have resolved their dispute about the scope of medical records to be obtained from the VA.  If the parties have resolved their dispute the hearing will be automatically vacated.

4. If the parties have been unable to resolve their dispute the joint status report shall state their respective positions with sufficient specificity to enable the court to resolve the matter without further formal briefing.

Dated this 26th day of November, 2012.

_____
Peggy A. Leen
United States Magistrate Judge

3