UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CLIFFORD ADELE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00597-LDG-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LYLE JACOB DUNN, JR., et al., | ) | (Mot Extend Discovery - Dkt. #53) |
| | ) | (Mot for Prot. Ord - Dkt. #56) |
| Defendants. | ) | (Motion for OSC - Dkt. #57) |
| | ) | |

The court conducted a hearing on February 12, 2013, on Defendants' Motion to Extend Discovery Deadlines (Third Request) (Dkt. #53), Plaintiff's Motion for a Protective Order Regarding Plaintiff's Psychological Records and to Strike them from the Record (Dkt. #56), and Plaintiff's Motion for an Order to Show Cause why Defendants should not be Held in Contempt for Violating Special Order 108 and Attaching Unredacted Confidential Medical Records and Psychological Records to the Motion (Dkt. #578) which was filed as one document. The court has considered the Motions, Responses (Dkt. ##55, 64, 65), Reply (Dkt. #63), and the arguments of counsel at the hearing. Jared Anderson appeared on behalf of the Plaintiff. Michael Hottman and Bruce Dickinson appeared on behalf of the Defendants.

**I.   Motion to Extend (Dkt. #53).**

The Complaint in this case was filed in state court and removed (Dkt. #1) April 12, 2012. It arises out of a motor vehicle accident on January 14, 2011, in Las Vegas, Nevada. Plaintiff has asserted claims for negligence, negligence per se, negligent entrustment, and negligent training and supervision. He seeks to recover for personal injuries sustained which he described in answers to interrogatories as neck pain, with pain radiating into his left arm and down into his hands and fingers; mid-back and

lower back pain; concussion resulting in lightheadedness, nausea and dizziness.  *See* Answer to Interrogatory No. 5, Plaintiff's Amended Answers to Defendants' First Set of Interrogatories Attached as Exhibit "B" to Defendants' Motion to Extend (Dkt. #53).  Discovery has been contentious and the court has resolved many, many of the parties' discovery disputes.

Defendants' Motion to Extend requests an additional 90-day extension of the discovery plan and scheduling order deadlines the court extended at a hearing conducted January 13, 2013.  Defendants argue that the Plaintiff was not forthcoming in his answers to interrogatories and written discovery with respect to prior injuries, medical conditions, and treatment.  Specifically, Defendants assert Plaintiff failed to disclose that he was diagnosed with Post Traumatic Stress Disorder ("PTSD") and treated for traumatic stress, anger, depression, and social isolation.  Plaintiff also did not disclose that he was treated in January 2009, for low back pain.  Finally, Defendants claim Plaintiff did not disclose a July 22, 2011, slip-and-fall injury at work which occurred five months after the accident in this case, and six months prior to the neck surgery for which he seeks to recover in this case.  Plaintiff treated at the Michael O'Callahan Federal Hospital Emergency Room for the slip-and-fall injury reporting complaints of neck pain, upper shoulder pain, pain in his right hand, and tingling in his left arm and hand.  He described the neck pain as sharp and intermittent, and rated its severity as a 9 on a scale of 10.  Plaintiff also complained of seeing stars when he fell, but did not lose consciousness.  Defendants point out that these complaints are very similar to the complaints Plaintiff had when he presented to Dr. Akers five days after the motor vehicle accident in this case.  Finally, Defendants only recently discovered that Plaintiff had received a military disability rating for certain physical conditions and PTSD.

Defendants seek a 90-day extension of the discovery plan and scheduling order deadlines to obtain neck and back x-rays from Michael O'Callahan Federal Hospital; neck x-rays and back MRI, and additional records from the Southern Nevada Veterans Administration; Plaintiff's treatment records with MSLA and Dr. Oakes; and to file a motion to compel a Rule 35(a) psychological examination.  Additionally, Defendants need extra time to allow Dr. Olsen, the orthopaedic specialist who performed an evaluation of the Plaintiff on January 25, 2013, to prepare a report.

Plaintiff opposes the motion arguing this is the third request for an extension of the discovery plan and scheduling order deadlines Defendants have requested in a short period of time.  Plaintiff

2

points out that on October 22, 2012, the court entered an order finding that the court was not satisfied that defense counsel had been sufficiently diligent in attempting to meet the court's scheduling order deadlines. However, the court granted Defendants' request for a 91-day extension of the discovery plan and scheduling order deadlines. Plaintiff argues even after the court extended the deadlines the Defendants have not been sufficiently diligent in attempting to meet the court's extended discovery plan and scheduling order deadlines.

Plaintiff also strenuously objects to Defendants' attempts to obtain discovery of Plaintiff's mental health condition arguing it is privileged, and that he had not put his mental health condition at issue in this case. Specifically, Plaintiff is not making a claim for an aggravation of a pre-existing mental injury, or a claim for any specific mental injury; will not mention any psychiatric care he has received in the past, or is currently receiving in his case in chief; and will not offer any psychiatric testimony at trial. Plaintiff argues that his mental health history is entirely unrelated to any aspect of his claims for damages in this case, and that none of Plaintiff's treating physicians have indicated that Plaintiff's mental health condition has anything to do with any of the injuries he suffered as a result of this accident. Plaintiff therefore requests that the court deny Defendants' motion to extend discovery in its entirety, and asks that the court award attorney's fees and costs for the necessity of opposing this motion. Significantly, Plaintiff's opposition did not address Defendants' arguments Plaintiff failed to disclose that he treated for low back pain in 2009, and did not timely disclose that he treated for neck and back injuries five months after this accident. However, counsel for Plaintiff clarified and presented Plaintiff's position during oral argument.

Defendants reply that Plaintiff's opposition mischaracterized the extent of the injuries he alleges was caused by this motor vehicle accident. Defendants dispute that they failed to fully participate in discovery in good faith, and reiterate arguments that Plaintiff "concealed" relevant and discoverable information regarding prior neck and back pain and treatment, and mental health condition and treatment. Because of Plaintiff's failure to disclose, or late disclosure, Defendants argue they need the additional time to obtain records and file a motion for Rule 35(a) psychological evaluation.

During oral argument, counsel for Plaintiff read Plaintiff's Answer to Interrogatory No. 11, which was served on counsel for Defendants June 7, 2012, into the record. In that Answer to

3

Interrogatory, Plaintiff disclosed his July 2011, slip-and-fall injury at work and that he treated at an Air Force hospital. Counsel for Plaintiff also represented that, because this was a work-related injury, he discussed the matter with opposing counsel near the time this Answer to Interrogatory was served, agreed to provide, and did provide, an authorization for the Defendants to obtain the Plaintiff's entire worker's compensation file. He believed the authorization was provided some time between June and September, 2012. Thus, Plaintiff did not conceal his July 2011, slip-and-fall injury. Additionally, counsel for Plaintiff indicated that Plaintiff explained his 2009 treatment for low back pain at his deposition. Plaintiff testified that in 2009 he had low back pain for a few days before he saw a doctor. The doctor examined him and told the Plaintiff to take his wallet out of his back pocket and put it in his shirt pocket. This advice proved effective and Plaintiff did not return for any follow up or treatment for low back pain. Neither the Plaintiff nor his counsel believed this single visit was significant, and Plaintiff did not recall it until questioned about it during his deposition.

With respect to Defendants' request for an extension to obtain mental health records, counsel for Plaintiff represented during the hearing that Plaintiff was first treated for PTSD in 1992. Plaintiff was discharged from a treatment program in 1992, and has functioned normally despite his diagnosis, but has had periodic checkups. Plaintiff has worked for three different pest control companies over the past ten years, and his military disability rating has not affected his work or earning capacity. The only limitation in earning capacity for which he is seeking compensation in this case relates to advice received from his treating physicians that he should no longer climb a ladder. This resulted in lost earnings of approximately $5,000/yr., and Plaintiff has retained an economic damages expert to calculate the present value of this aspect of his claim. Counsel for Plaintiff represented that Plaintiff has not sought to have his military disability rating changed. Rather, every four years Plaintiff is required to appear for a physical and mental evaluation to determine his current disability status. Plaintiff is not seeking compensation for any injuries that are the basis for his military disability rating.

During oral argument, counsel for Defendants apologized for defense counsel's repeated use of the term "concealed" in Defendants' papers with respect to Plaintiff's alleged failure to disclose records, injuries, and treatment. Counsel for Defendants acknowledged that Plaintiff disclosed his 2011 slip-and-fall injury in Answers to Interrogatories served in June 2012. However, counsel for

Defendants did not recall when Defendants obtained Plaintiff's worker's compensation file related to the 2011 slip-and-fall injury.

Counsel for Defendants represented that he had spoken with Dr. Olsen and expected to receive Dr. Olsen's report before the hearing. Dr. Olsen's office advised that the report had been dictated and was in the process of being transcribed. Counsel for Defendants was not aware of Dr. Olsen's opinions or conclusions, and specifically whether Dr. Olsen opines that any mental condition was medically relevant to the Plaintiff's personal injury claims in this case. Counsel for Defendants acknowledged that the records for Plaintiff's mental health treatment may or may not be relevant, but argued Defendants will not be able to form an opinion until the records are received and reviewed.

Having reviewed and considered the moving and responsive papers, and the arguments of counsel, the court will grant Defendants' motion to extend the discovery deadlines to the limited extent of allowing the parties to take the depositions of David Elliot and Dr. Muir currently scheduled for February 4, 2013, and March 13, 2013, pursuant to the parties' agreement. The court will also allow Defendants to obtain the x-rays and MRIs from the Michael O'Callahan Federal Hospital and Southern Nevada Veterans Administration related to Plaintiff's 2009 visit for complaints of low back pain, and 2011 work related slip-and-fall injury. The court will allow the Defendants a two-week extension from the date of the hearing in which to serve Dr. Olsen's expert report, and allow counsel for Plaintiff to take Dr. Olsen's deposition within 30 days of service of Dr. Olsen's report.

The motion is denied with respect to Defendants' request to extend the discovery deadlines to obtain Plaintiff's mental health records and to conduct a Rule 35(a) psychological examination of the Plaintiff. The court finds that Plaintiff has not put his mental condition in controversy within the meaning of Rule 35(a) by claiming damages for pain and suffering related to this accident. Plaintiff's primary complaint in this case is for a neck injury which required a cervical fusion. Plaintiff has not asserted a claim for emotional distress, alleged a mental or psychiatric injury or disorder related to this accident, claimed unusually severe emotional distress, or offered any expert testimony to support a claim of emotional distress. None of his treating physicians have indicated that Plaintiff's psychological condition has anything to do with any of the injuries he suffered in the accident involved in this case. Under these circumstances, it would be an unwarranted intrusion on Plaintiff's privacy and

psychotherapist-patient privilege to compel discovery of mental health records when Plaintiff continues to work in his field in an occupation that is substantially physical in nature, when his only claim for lost earning capacity is based on his physical inability to climb a ladder for physical reasons upon doctor's advice. Defendants' speculation that Plaintiff's mental health records may be relevant to the injuries for which Plaintiff seeks compensation is simply insufficient to overcome Plaintiff's counterveiling privacy and privilege interests.

**II.    Plaintiff's Motion for Protective Order (Dkt. #56); and   Motion for an Order to Show Cause (Dkt. #57)**

Plaintiff seeks a protective order precluding Defendants from obtaining Plaintiff's Psychological records, and an order striking the psychological records attached to Defendants' Motion to Extend Discovery Deadlines (Dkt. #53) from the record. Plaintiff also seeks an order to show cause why Defendants should not be held in contempt for violating the court's Special Order 108 and attaching unredacted medical records and psychological records to the motion. Medical records were attached which did not comply with Special Order 108. Specifically, medical and psychological records were attached including Plaintiff's complete name, social security number, full date of birth, and full home address. Plaintiff reiterates arguments that he has not placed his mental health into question by claiming physical injuries related to the automobile accident in this case. He has not alleged he suffered any psychological or psychiatric injuries as a result of this accident and is not attempting to recover for any such injuries. Plaintiff is also not making a claim for emotional distress, and none of Plaintiff's treating physicians have indicated that Plaintiff's mental health condition has anything to do with any of the injuries he suffered in this accident. For these reasons, Plaintiff asks that the court seal and strike from the record all mental health records the Defendants have obtained, and issue an order to show cause why Defendants should not be held in contempt for publishing Plaintiff's confidential medical records and psychological records in unredacted form.

Defendants filed separate Oppositions (Dkt. ##64, 65). The opposition to the motion for protective order argues that evidence of Plaintiff's mental condition, including his evaluation and diagnosis for PTSD, and disability rating from the military, are relevant and reasonably calculated to lead to the discovery of admissible evidence. The opposition reiterates arguments that Plaintiff

"concealed" certain diagnoses and treatment. Defendants argue that medical records pertaining to Plaintiff's mental condition is an exception to Nevada's patient-psychologist privilege because Plaintiff's psychological condition is an element of a claim or defense. Defendants believe Plaintiff's psychological records are relevant and discoverable because Plaintiff is seeking future medical treatment and future lost wages. Defendants also claim Plaintiff alleged his PTSD increased during the time of his motor vehicle accident and subsequent treatment, and the records may be relevant and discoverable as to causation, psychological overlay, and Plaintiff's credibility.

Defendants oppose the motion for an order to show cause arguing that the medical records were "inadvertently" disclosed when they were attached as exhibits to Defendants' motion to extend discovery deadlines. The "inadvertent disclosure" was corrected as soon as Defendants "learned of it" when Defendants filed a motion to seal the medical records. Defendants argue that the "inadvertent disclosure" was a mistake and not an intentional violation of Special Order 108, and that as Defendants took appropriate steps to correct the matter, sanctions or an order to show cause hearing are not warranted.

During oral argument, counsel for Defendants apologized for this mistake, and indicated that remedial measures were taken in his office to insure sensitive information, confidential information, and documents containing personal identifiers are not publicly filed in the future in contravention to Special Order 108. *See, also*, Fed R. Civ P. 5.2 addressing privacy concerns of filings made with the court,

The court is satisfied that defense counsel did not intentionally disregard Special Order 108 or Rule 5.2. However, there was nothing "inadvertent" about the disclosure. The documents were attached in unredacted form to the motion which defense counsel filed with the court on the public record available for inspection to anyone with access to PACER. However, the court is satisfied that defense counsel understands his obligations, and has taken appropriate steps to insure this does not occur in the future. Accordingly, Plaintiff's motion for an order to show cause is denied.

Plaintiff's motion for protective order regarding his psychological records is granted. For the reasons stated in this order, the court has found that Plaintiff has not put his mental condition in controversy by claiming garden variety damages for pain and suffering related to this motor vehicle

accident. Nothing in the record supports Defendants' arguments that Plaintiff has claimed that his PTSD increased during the time of this motor vehicle accident and subsequent treatment. To the contrary, the court finds Plaintiff's explanation reasonable and credible. Counsel for Plaintiff explained at the hearing that his client did not attempt to alter his military disability rating. Rather, the Plaintiff is periodically required to submit to physical and mental disability evaluations to determine his continued disability status. None of the conditions for which Plaintiff has received a military disability rating relate to the Plaintiff's claims for physical injuries sustained in this motor vehicle accident.

The motion to strike the medical records is denied. The records have now been sealed, and the court finds that they are appropriately sealed, and should remain filed under seal. Good cause exists to seal Plaintiff's confidential medical records which contain personal identifiers and sensitive, private medical information. The publicly filed papers are adequate to disclose the nature of the parties' disputes for purposes of the public's right of access to judicial records and proceedings.

**IT IS ORDERED** that:

1. Defendants' Motion to Extend Discovery Deadlines (Dkt. #53) is **GRANTED in part** and **DENIED in part** consistent with the body of this order.

   a. Defendants shall serve Plaintiff with Dr. Olsen's report no later than **February 26, 2013**;

   b. Counsel for Plaintiff shall have 30 days from service of Dr. Olsen's report in which to schedule and take Dr. Olsen's deposition, unless Dr. Olsen cannot make himself available for deposition, in which case the parties shall schedule his deposition as soon as possible;

   c. The parties may take the deposition of David Eliot on February 4, 2013, and Dr. Muir on March 13, 2013, as previously agreed and scheduled;

   d. Defendants may obtain Plaintiff's x-rays and MRIs from the Michael O'Callahan Federal Hospital and Southern Nevada Veterans Administration related to Plaintiff's 2009 visit for complaints of low back pain, and 2011 work-related slip-and-fall injury.

///

2. Plaintiff's Motion for Protective Order Regarding Plaintiff's Psychological Records (Dkt. #56) is **GRANTED** consistent with the body of this order.

3. Plaintiff's Motion to Strike Plaintiff's Psychological Records from the Record is **DENIED** to preserve the record for appellate purposes.  However, the medical records attached as Exhibit "D" to Defendants' Motion to Extend Discovery Deadlines (Dkt. #53) shall remain under seal as ordered.

4. Plaintiff's Motion for an Order to Show Cause (Dkt. #57) is **DENIED**.

5. For the reasons stated, Defendants' Motion for Leave to Submit Under Seal Plaintiff's Medical Records (Dkt. #59) is **GRANTED**.

Dated this 12th day of February, 2013.

_____
Peggy A. Leen
United States Magistrate Judge