UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLIFFORD ADELE,

    Plaintiff,

v.

LYLE JACOB DUNN, JR., *et al.*,

    Defendants.

Case No. 2:12-cv-00597-LDG (PAL)

**ORDER**

    The plaintiff, Clifford Adele, alleges that defendant Lyle Jacob Dunn, Jr. negligently operated a vehicle owned by defendant R.W. Jacks Trucking Company, causing the vehicle driven by Dunn to strike Adele's vehicle. Adele brought the instant action against Dunn and R.W. Jacks alleging claims for negligence, negligence per se, negligent entrustment, and negligent training and supervision.

    The defendants admit that Dunn was acting in the course and scope of his employment with R.W. Jacks, and on that basis they now move to dismiss (#11) the negligent entrustment and negligent training and supervision claims. The defendants argue that the Court should adopt the majority rule which disallows such claims when an employer admits it is vicariously liable for the conduct of an employee. Adele opposes the

motion (#14), arguing that the Court should adopt the minority rule which allows such claims to go forward.

Analysis

As this matter is before the court pursuant to its diversity jurisdiction, the court applies Nevada substantive law. *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938). In the absence of controlling state law, the court "must use its own best judgment in predicting how the state's highest court would decide the case;" a task in which the court "may be aided by looking to well-reasoned decisions from other jurisdictions." *Takahashi v. Loomis Armored Car Service*, 625 F.2d 314 (9th Cir. 1980).

Both parties acknowledge the lack of Nevada authority on the issue whether to allow claims of negligent entrustment and negligent training and supervision against a motor carrier in addition to claims of negligence against a driver, when the motor carrier admits that the driver was acting in the scope and course of his employment, and thus concedes vicarious liability for the driver's alleged negligence. Both parties acknowledge that the majority rule is that such claims against the motor carrier are improper in the face of an admission of vicarious liability for the driver's negligence.

Adele notes that Michigan, Ohio, Alabama, Kansas, South Carolina and Virginia allow the *admission of evidence* of negligent hiring or training, even with an admission of an employer/employee relationship. Adele, however, cites to decisions only from Kansas, Georgia and Michigan in which a plaintiff was permitted to prosecute claims against an employer for both the employee's negligence (under a theory respondent superior) and under a theory of negligent entrustment or negligent training and supervision. Adele notes one decision from Florida, in which the court recognized the hypothetical possibility that, when a driver was not negligent, the vehicle's owner might still be held directly liable for negligent entrustment. *See Clooney v. Geeting*, 352 So. 2d 1216, 1220 (Fla. Dist. Ct. App. 2d Dist. 1977). The hypothetical, however, concerned the owner's knowledge of a defect in

the vehicle, which defect was unknown to the driver, and which defect (and not the driver's conduct) ultimately caused the accident.  If anything, the hypothetical suggests that adoption of the majority rule is appropriate.  In his complaint, Adele alleges that Dunn negligently operated the vehicle by striking Adele's vehicle, but he does not allege any defect in the vehicle operated by Dunn, which defect was known only to R.W. Jacks, was unknown to Dunn, and which defect (and not Dunn's conduct) caused the accident.  Further, the negligent training and supervision claim could only be derivative of Adele's allegation that Dunn acted negligently.

       Adele also refers this court to a law review article by Richard Mincer, The Viability of Direct Negligence Claims Against Motor Carriers in the Face of Admission of Respondeat Superior, published in 10 Wyo. L. Rev. 229 (2010), a copy of which has been provided to the Court by defendants.  Mincer begins his article by indicating his agreement with the majority rule precluding direct claims of negligent entrustment or training against a motor carrier that admits it is vicariously liable for the conduct of the driver.  Further, as noted in the article, direct claims against an employer, such as negligent entrustment and training, "were originally intended to provide a potential means of recovery in situations where vicarious liability is otherwise unavailable." *Id.*, at 232.  The Florida's court's hypothetical recognizes such a situation.  However, in situations where the direct claim of negligent entrustment, or negligent training, serve only as alternative theories by which to impute liability to an employer for the acts of the employee, such claims are superfluous and redundant.

       The Court has carefully reviewed the decisions of sister jurisdictions brought to the Court's attention by both Adele and the defendants.  The court predicts that Nevada would adopt the majority rule such that, in situations in which a motor carrier admits vicarious liability for the conduct of a driver, direct claims of negligent entrustment or negligent training and supervision against a motor carrier would be disallowed where those claims

are rendered superfluous by the admission of vicarious liability.  One such situation would arise where the complaint rests upon the alleged negligence of the driver, and the direct claims against the motor carrier rest upon the motor carrier's conduct *vis a vis* the driver.

In the present matter, Adele's complaint establishes that he has not sought to maintain any claim against R.W. Jacks that could be maintained in the absence of a determination that Dunn was negligent.  Adele has not alleged any theory in which causation exists between the alleged conduct of R.W. Jacks and Adele's alleged injuries.  As R.W. Jacks has conceded that it is vicariously liable for Dunn's alleged negligence, Adele's claims of negligent entrustment and negligent supervision and training are superfluous and are appropriately dismissed.  Therefore,

THE COURT **ORDERS** that Defendants' Motion to Dismiss the Negligent Entrustment and Negligent Training and Supervision Causes of Action (#11) is GRANTED;

THE COURT FURTHER **ORDERS** that Plaintiff's Third (Negligent Entrustment) and Fourth (Negligent Training and Supervision) Claims are DISMISSED.

DATED this 27 day of March, 2013.

_____
Lloyd D. George
United States District Judge